IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DANIEL MIRANDA, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF JOSHUA MIRANDA, § SA-23-CV-00547-XR
DECEASED; AND MARGARET §
MIRANDA, INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE §
OF JOSHUA MIRANDA, DECEASED; §
    *Plaintiffs* §

-vs-

BEXAR COUNTY, BY AND THROUGH
THE DULY APPOINTED SHERIFF OF
BEXAR COUNTY;
    *Defendant*

## ORDER

On this date, the Court considered this case. Before the Court is Defendant's motion to dismiss Plaintiffs' second amended complaint (ECF No. 24), Plaintiffs' response (ECF No. 25), and Defendant's reply (ECF No. 26). After careful consideration, the Court **GRANTS** Defendant's motion.

## BACKGROUND

### I. Factual Background

On or around January 8, 2019, Joshua Miranda ("J. Miranda") suffered a medical episode while incarcerated at the Bexar County jail resulting in him falling off the top bunk bed and onto the floor of his cell. ECF No. 23 ¶ 16. Plaintiffs allege that J. Miranda's cellmate called for assistance, but none was provided for several days. *Id.* When officers discovered Miranda two days later, he was nonresponsive. *Id.* ¶ 17. Officers eventually initiated a "code" seeking medical assistance and Corporal Pat Moncus, RN James Wesley, and MA Emilio Rangel "placed [J.

1

Miranda] in a wheelchair," administered ammonia-nitrate, "placed an emergency code bag on [J. Miranda's lap] as a restraint," and took him to the medical bay where he was moved out of the wheelchair and onto a gurney. *Id.* ¶ 18. Approximately ten minutes after officers originally arrived on the scene, a "Code 1 Blue" was announced, indicating that J. Miranda was not breathing. *Id.* Emergency medical services arrived and took J. Miranda to the hospital, but he passed away shortly thereafter on January 11. *Id.* ¶¶ 18–21.

## II.     Procedural Background

On January 6, 2021, Plaintiffs brought suit in the 225th Judicial District of Bexar County, Texas, styled as cause number 2021CI00296. ECF No. 1-1 at 2. Plaintiffs named "Bexar County, by and through the duly appointed sheriff of Bexar County," as Defendant. *Id.* Defendant Bexar County ("Bexar County") answered on February 1, 2021. *Id.* at 9.

On March 30, 2023, Plaintiffs filed their first amended complaint. *Id.* at 52. The first amended complaint differed from the original petition in that it provided significantly more factual background and provided details as to J. Miranda's injury, a purported statement from J. Miranda's cellmate stating that he called for help, when and how prison officials responded to the injury, and results from the autopsy. *Id.* at 52–60. Plaintiffs alleged that J. Miranda's injuries were exacerbated by "lack of appropriate nursing and medical care," including that one nurse on site was "not properly certified," and that employees used improper restraints and methods of detention which contributed to the injury. *Id.* at 57. The first amended complaint alleged causes of action under: (1) 42 U.S.C. § 1983, *id.* at 57; (2) negligent hiring, supervising, and training of employees under Texas common law, under a respondeat superior theory of liability, *id.* at 60; and (3) wrongful death under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.021, *id.* at 60. Bexar County removed this action to federal court on April 27, 2023. ECF No. 1.

Shortly thereafter, Bexar County filed a motion to dismiss Plaintiffs' first amended complaint, arguing that: (1) Plaintiffs' § 1983 claims were time-barred under the Texas statute of limitations for personal injury claims, TEX. CIV. PRAC. & REM. CODE § 16.003(a); (2) the first amended complaint failed to state a claim of municipal liability under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978); and (3) Plaintiffs' tort claims were barred by governmental immunity. *See generally* ECF No. 4.

On August 15, 2023, the Court, *inter alia*, granted Bexar County's motion to dismiss Plaintiffs' first amended complaint, dismissing Plaintiffs' § 1983 claims and Texas law claims. ECF No. 21. In relevant part, the Court dismissed Plaintiffs' § 1983 claims as Plaintiffs alleged "no facts indicative of an official policy or custom promulgated and effectuated by Bexar County." *Id.* at 12–13. However, the Court granted Plaintiffs leave to amend their § 1983 claims. *Id.* at 16.

On August 29, 2023, Plaintiffs filed their second amended complaint, alleging a deprivation-of-healthcare claim, in addition to failure-to-train, failure-to-supervise, and negligent hiring claims as well.[1] In doing so, Plaintiffs allege many of same facts pled in the first amended complaint but add new facts to address the issues identified by the Court's order. In relevant part, Plaintiffs include allegations that "Bexar County Jail has had a long history of failures to comply with jail standards, custodial standards, and healthcare standards." ECF No. 23 ¶ 10. Additionally, Plaintiffs now allege that "[t]he lack of provision of healthcare was the moving force in [J. Miranda's] death" and that "[i]t became a policy to disregard this element of custodial care." *Id.* ¶ 22. Buttressing their allegations, Plaintiffs cite to incidents involving nine other individuals that died between the dates of March 30, 2019 to December 26, 2019 in the custody of Bexar County. *Id.* ¶¶ 23–26. In addition, Plaintiffs broadly allege that "[t]he same actions that led Bexar County

---

[1] As Bexar County notes, these latter three claims are referenced in passing in the second amended complaint. *See* ECF No. 23 ¶¶ 21–22, 36.

3

Judge Nelson Wolff to describe the death of Janice Dotson-Stephens on December 14, 2018, as 'A lot of incompetence. A lot of breakdown.' apply to the actions leading the death of Joshua Miranda." *Id.* ¶ 24. Moreover, Plaintiffs also assert that the death of inmate Thomas Reed Taylor in 2012 and death of Heather Aguilar in 2020 while in Bexar County custody are indicative of Bexar County policies and customs. *Id.* ¶ 25. Notably, however, Plaintiffs include no explanation of how these incidents were similar to the one at hand. *Id.* ¶¶ 24–25.

On September 12, 2023, Bexar County filed its motion to dismiss Plaintiffs' second amended complaint, urging the Court to dismiss Plaintiffs' remaining § 1983 claims as Plaintiffs failed to plausibly allege (1) a Bexar County policy or custom sufficient for municipal liability; (2) any connection between the injury or the constitutional violation; or (3) a claim for failure to supervise or train, or negligent hiring. *See generally* ECF No. 24.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw

the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.     Analysis

Plaintiffs do not seek to hold any individual person liable for the actions that allegedly led to the death of J Miranda. Instead, Plaintiffs seek to hold Bexar County liable for the inadequate response by Bexar County employees to the healthcare emergency encountered by J. Miranda while at the Bexar County Jail. Generally, municipalities, such as Bexar County, cannot be held liable under § 1983 "unless [some] action pursuant to official municipal policy of some nature

caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Balle v. Nueces Cnty., Tex.*, 952 F.3d 552, 558 (5th Cir. 2017) (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

In situations such as this, Plaintiffs must allege facts indicative of an official policy or custom adopted by Bexar County. *See Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019). To do so, Plaintiffs could have alleged a formal or written policy, or "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (alterations in original) (quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984)). In the latter instance, the alleged "pattern must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. A pattern requires similarity, specificity, and sufficiently numerous prior incidents." *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (citations and internal quotations omitted). Indeed, this standard is a high one to meet. *See id.* at 396–97 (holding that three similar incidents over three-and-a-half years are not enough to establish a sufficient pattern).

Here, Plaintiffs fail to allege a formal or written policy of Bexar County; instead, they allege a pattern to establish Bexar County's official policy. *See* ECF No. 23 ¶¶ 10–11, 22–26. In relevant part, Plaintiffs allege "Bexar County Jail has had a long history of failures to comply with jail standards, custodial standards, and healthcare standards," *id.* ¶ 10, and "[t]he lack of provision

6

of healthcare was the moving force in Decedent's death. It became a policy to disregard this element of custodial care." *Id.* at ¶ 22. In so arguing, Plaintiffs point to incidents involving nine other individuals that died between the dates of March 30, 2019 to December 26, 2019 in the custody of Bexar County. *Id.* ¶ 23. In addition, Plaintiffs allege three deaths of individuals in Bexar County custody occurring respectively in 2012, 2018, and 2020 that Plaintiffs contend support the existence of this policy. *Id.* ¶¶ 24–26.[2]

However, Plaintiffs allegations are not enough to allege a sufficient "pattern or practice" to give rise to municipal liability. As the Fifth Circuit made clear in *Davidson*, "[a] pattern requires similarity, specificity, and sufficiently numerous *prior* incidents." 848 F.3d at 396 (emphasis added). Thus, in assessing the sufficiency of the alleged pattern here, the Court only considers those specific incidents that allegedly occurred before January 11, 2019. *See id.* In fact, Plaintiffs specifically allege only two incidents occurring prior to January 11, 2019—one occurring in 2012 and the other occurring in 2018—that they argue support the existence of a Bexar County policy. ECF No. 23 ¶¶ 22–26.[3] But Plaintiffs fail to explain in their second amended complaint the similarity of either the 2012 incident or the 2018 incident to the incident involving J. Miranda. *See id.* ¶¶ 24–25.[4] Nonetheless, even assuming the circumstances of these two incidents were similar

---

[2] Elsewhere in the second amended complaint, Plaintiffs also generally reference other suits filed against Bexar County but fail to explain the relatedness of those particular cases to this case. *See* ECF No. 23 ¶ 11 n.2. Of course, Bexar County contends that "none of these cases support a pattern or practice of constitutional violations," distinguishing those cases from the one at hand. ECF No. 24 at 6–7.

[3] Indeed, nine of the relevant incidents alleged by Plaintiffs occurred from March 30, 2019, through December 26, 2019. ECF No. 23 ¶ 23. One other incident allegedly occurred during 2020. *Id.* ¶ 25.

[4] The Court, however, did review the article cited by Plaintiffs regarding Thomas Taylor Reed and finds that incident was sufficiently similar. *See* ECF No. 23 ¶ 25 n.4; *Bexar County to Pay $200,000 to Settle Jail Death Lawsuit*, MYSA, https://www.mysanantonio.com/news/local/crime/article/Bexar-County-to-pay-200-000-to-settle-jail-death-6073382.php (Feb. 10, 2015). In contrast, the Court reviewed Janice Dotson-Stephens's case—the other incident cited by Plaintiffs— and finds that case is not sufficiently similar to the one at hand. *See Dotson v. Bexar Cnty. Hosp. Dist.*, No. SA-19-CV-00083-XR, 2019 WL 6311375, at *2 (W.D. Tex. Nov. 25, 2019). Moreover, as Bexar County contends, a jury ultimately rejected all claims against Bexar County, including a Section 1983 claim, in Ms. Dotson-Stephens's case. *Dotson et al. v. Bexar County et al.*, Case No. 5:19-cv00083-RCL, ECF Nos. 191, 196.

enough to the circumstances of J. Miranda's death, this is not enough to plausibly allege a sufficient pattern under Fifth Circuit precedent. *See Davidson*, 848 F.3d at 396–97 (collecting cases).

## CONLCUSION

For the foregoing reasons, the Court **GRANTS** Defendant Bexar County's motion to dismiss (ECF No. 24). As Plaintiffs neither requests leave to amend nor identifies any additional facts in their response that might support a plausible claim of municipal liability under 42 U.S.C. § 1983, Plaintiffs' second amended complaint (ECF No. 23) is **DISMISSED WITH PREJUDICE**. A final judgment will issue separately pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 26th day of January, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE